# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Corinn Weinstein,

      Plaintiff,

v.

Checkr Incorporated,

      Defendant.

No. CV-26-00342-PHX-SHD

**CASE MANAGEMENT ORDER**

Having reviewed the parties' joint Rule 26(f) report (Doc. 16), the Court concludes it is unnecessary to hold a Rule 16 Case Management Conference. Accordingly, the Case Management Conference presently set for May 19, 2026, is VACATED, and the Court enters the following Case Management Order to govern this case:

1.    <u>Initial Disclosures</u>.  The deadline for making the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) is **14 days** from the date of this order, if the parties have not done so already.

2.    <u>Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **July 17, 2026**.

3.    <u>Federal Rule of Evidence 502(d) Non-Waiver Order</u>.  The Court orders that a communication or information covered by the attorney-client privilege or work-product protection that is disclosed in connection with the litigation pending before the Court

does not waive the privilege or protection in this or any other federal or state proceeding. This provision does not require any party agreement, and it avoids the need to litigate whether an inadvertent production was reasonable.  By reducing the risk of waiver, this Order affords parties the opportunity to reduce the cost of discovery by reducing pre-production privilege review.

4.    Discovery Limitations.  Depositions shall be limited to seven hours each, as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  A party may serve on any other party up to 25 interrogatories, including subparts; 25 requests for production of documents, including subparts; and 25 requests for admissions, including subparts.  Any subpart seeking information or documents that is not logically or factually subsumed within **and** necessarily related to the primary request will count as a separate request. The limitations set forth in this paragraph may be increased by mutual written agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth in this order.

5.    Fact Discovery.   The deadline for completion of fact discovery, including discovery by subpoena, shall be **December 4, 2026**.  To ensure compliance with this deadline, the following rules shall apply:

a.    Depositions: All depositions shall be scheduled to start at least **5 business days** before the discovery deadline. A deposition started five days before the deadline may continue up until the deadline, as necessary.

b.    Written Discovery: All interrogatories, requests for production of documents or tangible things under Rule 34, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

c.    The parties may mutually agree in writing, without the Court's approval, to extend the time for providing responses to requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in this order.

d.    Notwithstanding any provisions of the Federal Rules of Civil Procedure,

non-party witnesses shall **not** be permitted to attend (whether physically, virtually, or otherwise) the deposition of any other witness in this case without an order of this Court to the contrary.

e. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years (calculated from the date the initial complaint is filed) must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension.

6. Expert Disclosures, Expert Discovery, and Motions Challenging Expert Testimony.

a. The parties shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **January 15, 2027**.

b. The parties shall make rebuttal expert disclosures, if any, no later than **February 12, 2027**. Rebuttal experts shall be limited to responding to opinions stated by the opposing party's experts.

c. No depositions of any expert witnesses shall occur before the aforementioned expert witness disclosures are made.

d. Expert depositions shall be completed no later than **March 12, 2027**. All expert depositions shall be scheduled to commence at least **5 business days** before this deadline.

e. Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above, and those disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the witness will testify. The summary, although not as

detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the witness will say at trial.

f.       As stated in the Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure (1993 amendment), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above. Absent extraordinary circumstances, parties will not be permitted to supplement expert reports after the dates governing expert disclosures.

g.       Each side shall be limited to one retained or specifically-employed expert witness per issue.

h.       An untimely-disclosed expert will not be permitted to testify unless the party offering the witness demonstrates that (a) the necessity of the expert witness could not have been reasonably anticipated at the time of the disclosure deadline, (b) the opposing counsel or unrepresented parties were promptly notified upon discovery of the need for the expert witness, and (c) the expert witness was promptly proffered for deposition. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

i.       Pursuant to Rule 26(e)(1), any amended or supplemental disclosures must be made prior to the close of discovery. All exhibits and witnesses that may be offered at trial must be disclosed before the close of discovery as established by this Order, and the parties shall file the disclosures required by Rule 26(a)(3)(A) in the Joint Proposed Pretrial Order. For clarity, this Order supersedes the deadline contained in Rule 26(a)(3)(B) that pretrial disclosures "be made at least 30 days before trial." The (1) failure to timely supplement a Rule 26(a) disclosure, (2) failure to timely supplement responses to discovery requests, or (3) attempt to include any witnesses or exhibits in the Joint Proposed Pretrial Order that were not previously disclosed in a timely manner prior to the discovery deadline set forth in this Order may result in the exclusion of such evidence at trial or the imposition of other sanctions.

j.      Motions challenging the admissibility of expert testimony are generally disfavored prior to trial preparation and are due no later than the date set forth in the Order Setting Trial and Final Pretrial Conference.

7.      Discovery Disputes.

a.      If a discovery dispute arises, the parties shall promptly call the Court to request a Zoom conference concerning the dispute.  The Court will seek to resolve the dispute during the Zoom conference and may enter appropriate orders on the basis of the Zoom conference.  The Court may order written briefing if it does not resolve the dispute during the Zoom conference.  The parties shall not file written discovery motions without leave of Court.[1]

b.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation (i.e., direct voice-to-voice dialogue) and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j).  Any briefing ordered by the Court shall also comply with LRCiv 7.2(j). If the opposing party has refused to personally consult or cooperate in the filing of the joint statement, the party seeking relief shall describe the efforts made to obtain cooperation.

c.      Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

8.      Dispositive Motions.

a.      Dispositive motions shall be filed no later than **April 9, 2027**.

b.      No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of the Court.

c.      LRCiv 56.1 is suspended, except for subsection (d).  The Court will decide

---

[1]      The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

summary judgment motions under Federal Rule of Civil Procedure 56 only.  In other words, the parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the motion, response, or reply itself.  All factual statements must be followed by a specific citation to the supporting exhibit, including a pincite.  By way of example, citations to exhibits attached to the motion, response, or reply would be "(Ex. 1 at 7)" or "(Ex. 5 at 3:1–15)."  All evidence to support a motion or response must be attached to the briefs.  The evidence may include only relevant excerpts rather than full documents.  The only evidence that may be attached to a reply is evidence intended to rebut arguments raised for the first time in the non-movant's response.  Because no separate controverting statement of facts will be permitted, the responding party must carefully address all material facts raised in the motion.  Likewise, the reply must carefully address all material facts raised in the response.  Any fact that is ignored may be deemed uncontested.  Procedurally, immediately following the motion, response, or reply should be a <u>numerical</u> table of contents for the exhibits.  The table of contents shall include only a title for each exhibit, not a description.  Following the table of contents should be each exhibit, <u>numbered</u> individually.

9.      <u>Oral Argument</u>.

a.      A party desiring oral argument on any motion shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f).  The Court may decline the request and decide the motion without holding oral argument.  If the request is granted, the Court will issue an order setting the argument date and time.

b.      The Court believes it is crucial to provide substantive speaking opportunities to less experienced lawyers (those less than 5 years out of law school), and that the benefits of doing so will accrue to such lawyers, to clients, and to the profession generally.  Thus, the Court will grant a request for oral argument on a contested substantive motion if the request states that a less experienced attorney will conduct the

argument, or at least a majority of it.  The Court may permit more than one attorney to present on behalf of a party if this creates an opportunity for a less experienced attorney to participate and does not result in redundant argument.

10.    Motions for Attorneys' Fees.  All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by LRCiv 54.2(e)(1).  This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries.  This spreadsheet does not relieve the moving party of its burden under LRCiv 54.2(d) to attach all necessary supporting documentation to its motion.  A party opposing a motion for attorneys' fees shall email the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections.  This spreadsheet does not relieve the non-moving party of the requirements of LRCiv 54.2(f) concerning its responsive memorandum.

11.    Good-Faith Settlement Talks.  All parties and their counsel shall meet in person and engage in good-faith settlement talks no later than **November 6, 2026**.  If a party is not a natural person, the party shall ensure that a party representative with authority to enter into a settlement agreement is present at the good faith settlement talks.  Upon completion of such settlement talks, and in no event later than **5 business days** after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.  The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The Court will set a settlement conference before a magistrate judge upon request of all parties.  The parties are reminded that they are

encouraged to discuss settlement at all times during the pendency of the litigation, but the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly. The parties shall promptly notify the Court if settlement is reached.

12.    Briefing Requirements.

a.    All memoranda filed with the Court shall comply with LRCiv 7.1(b) requiring 13-point font in text and footnotes.

b.    Citations in support of any assertion in the text shall be included in the text, not in footnotes. Additionally, if a party uses footnotes in a motion or brief, the footnote should only provide supplemental or explanatory information, and should not be used to make substantive arguments not made in the body of the motion or brief. Arguments that are made solely in footnotes will not be considered.

c.    To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the title of the motion whether the non-movant opposes the request and intends to file a written response (e.g., "Unopposed Motion for Leave to Amend"; "Opposed Motion for Extension of Time to Answer (Second Request)"). If such a motion does not so indicate, it may be denied for failure to comply with this order.

d.    All documents electronically filed must be text searchable, including those scanned into Portable Document Format (PDF) pursuant to LRCiv 7.1(c). The Court may order the removal of a document that does not comply with this subparagraph.

13.    Deadline for Notice of Readiness for Trial. Plaintiff(s) shall notify the Court that the parties are ready to proceed to trial. Plaintiff(s) shall file and serve this notice within **7 days** after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within **7 days** after the resolution of the dispositive motions. The Court will then issue an order identifying a window of time when the Court is available for trial and instructing

the parties to propose dates within this window when all parties, counsel, and witnesses are available to begin trial.  The Court will then issue an order setting a firm trial date and date for the final pretrial conference that (a) sets deadlines for briefing motions in limine and *Daubert* motions, (b) includes a form for the completion of the parties' joint proposed pretrial order, and (c) otherwise instructs the parties concerning their duties in preparing for the final pretrial conference.

14.     <u>Dismissal for Failure to Meet Deadlines</u>.  The parties are warned that failure to meet any of the deadlines in this order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

15.     <u>Requirement for Paper Courtesy Copies</u>.  A paper courtesy copy of dispositive motions (or other lengthy motions that may or will be opposed), and any responses or replies thereto, shall be either postmarked and mailed to the Court or hand-delivered to the Judge's mailbox in the courthouse by the next business day after the electronic filing. Do not attempt to deliver documents to the Judge's chambers.  Courtesy copies should be double-sided and include the ECF-generated header at the top of each page.  Courtesy copies of documents too large for stapling must be submitted in three-ring binders, with any attachments or exhibits separated by numbered or labeled tabs.

16.     <u>Warnings for Unrepresented Litigants</u>.  Unrepresented or pro se litigants are held to the same standards as represented litigants. The Court therefore expects that unrepresented litigants will familiarize themselves with and follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Civil Procedure for this District, and this Scheduling Order, including rules regarding the time limitations to file or respond to motions and page limits and requirements for briefing. The Court directs unrepresented litigants to the District Court's website for helpful information for parties proceeding without an attorney, including a handbook for unrepresented litigants and various forms. Unrepresented litigants must also attend all court hearings, timely review and comply with orders of this Court, keep their address and other contact

information current with the Clerk of Court, and engage with other parties or their counsel with professionalism and civility. Failure to adhere to these responsibilities may result in sanctions, including the dismissal of this case for failure to prosecute. Further, failure to respond to motions filed by the opposing party may result in the Court granting those motions without further notice to the unrepresented litigant. See LRCiv 7.2(i).

Dated this 14th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge